## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-58014 |
| | ) | |
| ASHIA AND BRIAN COLVIN, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Judge Pamela S. Hollis |

### MEMORANDUM OPINION

This matter comes before the court on the Motion for Attorney Fees filed by Lorraine Greenberg & Associates LLC. For the reasons stated below, the court denies the motion as unnecessary.

### BACKGROUND

On October 15, 2005, Ashia and Brian Colvin filed a petition for relief under Chapter 7 of the Bankruptcy Code. They are represented in this bankruptcy case by Lorraine Greenberg & Associates LLC (the "Greenberg Firm"). Prior to filing their case, the Colvins signed an Agreement to Retain Counsel - Chapter 7 with the Greenberg Firm. They agreed to pay the Greenberg Firm $1,350.00 plus court costs for representation in the bankruptcy case, "**PLUS** An additional $350.00 minimum to prepare and present Motion for Redemption."

The Colvins listed a 2005 Dodge Durango on their Schedule B. Although the statement of intention filed with their bankruptcy petition indicates that the Colvins intended to reaffirm the debt on the Durango, they eventually determined that they wished to redeem the automobile.

On or about March 16, 2006, Brian Colvin signed a Chapter 7 Post-Petition Retainer Agreement with the Greenberg Firm, agreeing to pay $350.00 for the preparation of a motion to redeem. On March 22, 2006, the Colvins filed a Motion for Authority to Redeem Personal Property and Approval of Associated Financing Pursuant to 11 U.S.C. 722 (the "Redemption

Motion"), seeking court permission to redeem the Durango and to take out a redemption loan from U.S. Bank N.A.

Attached to the Redemption Motion was a Loan Disclosure, Note and Security Agreement with an itemization of the amount that the Colvins intended to finance in order to redeem their vehicle. The itemization indicated a distribution of $600 to "Attorney Fee Escrow Acct."

Upon discovering the $600 line item, the court required the Greenberg Firm to submit an itemization of fees and an application for compensation. The fee itemization indicates that all services rendered to the Colvins regarding their motion for redemption were performed between February 2 and April 20, 2006. Pursuant to a scheduling order entered on May 18, 2006, the Greenberg Firm also filed a brief in support of its request for fees.

## LEGAL DISCUSSION

Pursuant to 11 U.S.C. § 330, the court may award reasonable compensation for actual, necessary services to various professionals, but a Chapter 7 debtor's attorney may not be compensated from estate funds unless employed by the case trustee as authorized pursuant to § 327. Lamie v. U.S. Trustee, 540 U.S. 526 (2004).

However, Chapter 7 debtors may employ an attorney postpetition for their own benefit so long as estate funds are not used to compensate the attorney. See 3 Collier ¶ 327.07 (15th ed. rev'd 2005) ("court approval is not necessary for the appointment of an attorney for the debtor in a liquidation case under chapter 7"). An example might be where the debtor hires counsel to defend a dischargeability action. There is no benefit to the estate from such services, and the

debtor must pay the attorney from non-estate funds, such as wages received postpetition. See 11 U.S.C. § 541(a)(6).

In In re Griffin, 313 B.R. 757 (Bankr. N.D. Ill. 2004), Judge Jacqueline Cox was faced with a situation which initially appears similar to the one before the court today. She determined that the fee collected by debtor's counsel for representation on a motion to redeem must be disgorged. For a variety of reasons, Griffin is distinguishable from the instant case.

In Griffin, the debtors signed a prepetition contract and the attorneys began billing for the redemption motion well before the bankruptcy case was filed.

In the instant case, Brian Colvin signed not only the prepetition contract for general representation, but also a postpetition agreement with the Greenberg Firm for representation on the Redemption Motion. According to the submitted itemization of attorney tasks, all work performed on the Redemption Motion was performed postpetition. At the time the Colvins filed their case they indicated that their intention was to reaffirm the debt on this Durango; they must have changed their minds postpetition. The reason why is suggested in the Redemption Motion:

> The refinancing, if approved, would result in a monthly payment of approximately $524.44 for 60 months, a significant savings for the Debtors per month and over the entire term of the loan. The reaffirmation agreement proposed by the lien holder require the Debtors to pay $729.00 for 68 months.

Redemption Motion at paragraph 6.

Unlike the claim in Griffin, which was a pre-petition contract-based claim, the Greenberg Firm's attorney fees are based on both a postpetition contract and postpetition services.

-3-

Judge Cox found an independent reason for disgorgement in the defective disclosure of the compensation in Griffin, because a third party made a loan to the debtors, and the proceeds of that loan were, among other uses, to be paid to counsel on account of a prepetition debt.

However, Judge Cox acknowledged that "[i]f counsel was not being paid from the proceeds of this loan, there would be no duty to disclose it under § 329." 313 B.R. at 765. In this case, the itemization of the loan proceeds initially indicated that the Greenberg Firm would receive $600. However, in its brief in support of the fee request, the Greenberg Firm states that this "amount was in the agreement due to error." A corrected loan disclosure was attached to the brief which shows $0.00 going to the Attorney Fee Escrow Acct. The Colvins will be paying the $350.00 fee from postpetition personal income, not from estate funds. Therefore, failure to disclose this fee is not a cause for disgorgement.

Judge Cox addressed several smaller issues in Griffin, including a concern that the fee charged for the redemption motion was too high. In that case, the attorneys charged $600.00. The fee charged by the Greenberg Firm is only slightly more than half that amount, $350.00. In fact, the time records submitted by the Greenberg Firm show that the actual value of services rendered was $380.00, but the firm wrote off $30.00.

This court was initially concerned that it might not have been clear to the Colvins at the commencement of their case that a motion to redeem would not be included in the flat fee charged by the Greenberg Firm, since the Disclosure of Compensation of Attorney for Debtors provides that the fee includes "negotiations with secured creditors if necessary." However, the retainer agreement signed by the Colvins prior to filing their bankruptcy petition <u>expressly excluded</u> motions for redemption from the flat fee.

For all of these reasons, the court finds that the Greenberg Firm was not required to disclose or to seek court approval of the $350.00 fee it will be receiving from the Colvins' post-petition income as compensation for preparing the Redemption Motion. The Motion for Attorney Fees is denied as unnecessary.

Date: AUG 1 5 2006

PAMELA S. HOLLIS
United States Bankruptcy Judge